UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|     CHRISTOPHER GRADY | ) | Case No. 09-10149-SSM |
| | ) | Chapter 7 |
|                 Debtor | ) | |
| | ) | |
| GMAC MORTGAGE, LLC | ) | |
| | ) | |
|                 Movant | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHRISTOPHER GRADY ET AL. | ) | |
| | ) | |
|                 Respondent | ) | |

**MEMORANDUM OPINION**

A hearing was held on March 18, 2009, on the motion of GMAC Mortgage, LLC, for relief from the automatic stay to enforce a deed of trust against the debtor's residence located at 22055 Avonworth Square, Ashburn, Virginia. The movant was present by counsel. Although the debtor, who is representing himself, filed a response opposing the motion, he did not appear at the hearing. He did, however, file a pleading asking that the hearing be continued until the movant produced the original promissory note. The trustee did not file a response or appear at the hearing. For the reasons stated, the motion for relief from the automatic stay will be granted.

Background

Christopher Grady ("the debtor") filed a voluntary petition in this court on January 9, 2009, for relief under chapter 7 of the Bankruptcy Code. Richard A. Bartl was appointed as

1

trustee. Among the assets listed on the schedules was a fee simple interest in real property located at 22055 Avonworth Square, Ashburn, Virgina. The schedules show the value of the property as $390,000, subject to two mortgages in favor of "GMAC" in the aggregate amount of $477,212. Neither of the mortgages is shown as being disputed, and the debtor's stated intent is to reaffirm them.

The meeting of creditors was scheduled for February 18, 2009, and the present motion was filed the following day. It alleges that payments on the first deed of trust are 10 months in arrears, that the lender is not adequately protected, and that the property is not necessary to an effective reorganization. The debtor filed a detailed response asserting, in substance, that in November 2007, the movant had approved a mortgage modification;[1] that his then-spouse (and co-owner of the property) refused to sign the modification agreement; that he then filed for divorce and was awarded sole ownership of the property by the divorce court; that he was informed by the movant's "designee" that the mortgage modification "would be renewed;" and that at no time was he informed of an intent to proceed with foreclosure. Contemporaneously with his response, the debtor served on the movant a request for production of "the original Promissory Note signed by Debtor Christopher Grady." On March 9, 2009, the movant filed a response attaching a copy of a signed promissory note[2] and deed of trust and stating that the

---

[1] The debtor states that a copy is attached to the response; however, nothing is actually attached, and the terms of the modification are not otherwise set forth in the response.

[2] The note, which is signed by the debtor and Maria R. Grady, is dated July 23, 2007, and is an "InterestFirst Adjustable Rate Note" in the original principal amount of $437,500, with interest at the rate of 6.75% for 10 years, and thereafter at 2.375 percentage points over the London Interbank Offered Rate (LIBOR). For the first 10 years, the payments are interest-only in the amount of $2,460.94 per month.

original note was being sent to the Virginia Beach, Virginia, office of the attorneys representing the movant, where it could be inspected by the debtor.  The debtor then filed a pleading asserting his belief "that the Creditor can't produce the original note and is attempting to mislead the Court just as it has misled the Debtor in regards to their intentions" and requesting that the court "continue the hearing for Relief from the Automatic Stay until the Creditor can produce this vital document for [the debtor's] review."

Discussion

The filing of a bankruptcy petition operates as a broad stay of most types of creditor activity, including any act to enforce a lien against property of the estate or property of the debtor.  § 362(a)(4) and (5), Bankruptcy Code.  The stay—which is in the nature of a temporary injunction—may be annulled, terminated, modified or conditioned for "cause," including lack of adequate protection, or if the debtor has no equity in the property and the property is not necessary for an effective reorganization.  § 362(d)(1) and (2).  Here, the debtor's schedules plainly show that the debtor has no equity in the property.  Additionally, since this is a chapter 7 case, not a reorganization case, the property is not necessary for a reorganization.  Hence, relief from the automatic stay is mandated.  It is true that relief need not necessarily take the form of *terminating* the stay, and that the court has considerable discretion, based on the equities of the case, in determining the particular form of relief to be granted.  *In re Jones*, 1998 WL 939693 (Bankr. E.D. Va., Dec 03, 1998) (continuing automatic stay in effect, conditioned upon monthly payments by the debtor, despite debtor's lack of equity in property).  The debtor's opposition, however, does not appear to challenge the movant's legal right to foreclose, only its moral standing to do so in light of the 2007 agreement to modify the terms of the loan.  But even if the

court is wrong, and the debtor believes the modification agreement is somehow binding on the creditor, termination of the automatic stay has no preclusive effect, *see Grella v. Salem Five Cent Savings Bank,* 42 F.3d 26 (1st Cir. 1994), and would not prevent the debtor from bringing a state court action to enjoin the foreclosure.[3]  In this connection, the court notes that the automatic stay will terminate as a matter of law when the debtor receives his discharge.  § 362(c)(2)(C), Bankruptcy Code.  This is likely to occur sometime shortly after April 20, 2009, which is the deadline for filing objections to the debtor's discharge.  Were this a chapter 13 or chapter 11 reorganization case, or were there a likelihood that the debtor could bring the payments current within a short period of time, or even make current payments in the interim, a very different situation would be presented; but given that this is a chapter 7 case, the court can see little if any reason to continue the automatic stay in effect for the month or so that it would otherwise remain in effect before terminating as a matter of law.[4]

　　　　Nor is the court persuaded that a continuance of the hearing is needed simply to give the debtor an opportunity to inspect the original note.  The debtor's schedules did not reflect any dispute as to the validity of the GMAC debt.  The debtor's response to the motion for relief from the automatic stay similarly raises no challenge to the validity of the underlying obligation but instead asserts equitable defenses in the nature of waiver based on representations that a modification agreement would be approved.  Thus, the court must agree with the movant that in

---

[3] The court is aware that often no foreclosure actually occurs even when the court grants relief from the automatic stay.  Relief from the stay simply eliminates a bar to foreclosure; it does not prevent the parties from continuing to negotiate the terms of a loan modification.

[4] There is no legal authority for the court to continue the automatic stay in effect "for an additional 12 months beyond the Bankruptcy Discharge Date" as the debtor has requested.

this particular case production of the original note would not assist the court in resolving any issue that is actually in controversy.

A separate order will be entered modifying the automatic stay to allow enforcement of the deed of trust, but without prejudice to the debtor's right to bring a state court action challenging the movant's right to foreclose. The automatic stay will remain in full force and effect, however, with respect to enforcement of any monetary claim against the debtor.

Date: _____        _____
                                    Stephen S. Mitchell
Alexandria, Virginia                United States Bankruptcy Judge

Copies to:

Christopher Grady
22055 Avonworth Square
Ashburn, VA 20148
Debtor *pro se*

Trenita Jackson Stewart, Esquire
Shapiro & Burson, LLP
236 Clearfield Ave., #215
Virginia Beach, VA  23462
Counsel for the movant

Richard A. Bartl, Esquire
Tyler, Bartl, Ramsdell & Counts, P.L.C.
700 S. Washington St., Suite 216
Alexandria, VA  22314
Chapter 7 trustee